IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

CIVIL ACTION NUMBER:

| | |
|---|---|
| Allstate Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Whitaker Pest Solutions, LLC, Kenneth Whitaker, and Dana Dupriest,<br><br>        Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Allstate Insurance Company, seeking a declaration of rights from this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, alleges as follows:

## PARTIES

1. Allstate Insurance Company ("Allstate") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois.

2. Upon information and belief, Whitaker Pest Solutions, LLC ("WPS") is a limited liability company formed and existing pursuant to the laws of the State of South Carolina with its principal place of business in Aiken County, South Carolina. Upon information and belief, Kenneth Andrew Whitaker Sr. ("Whitaker") is the sole member of Whitaker Pest Solutions, LLC, and Whitaker is a resident of Aiken County, South Carolina.

3. Upon information and belief, Dana Dupriest is a resident and citizen of Aiken County, South Carolina.

## JURISDICTION

4. This Court has jurisdiction over this dispute by virtue of Title 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5. Venue is proper in the District of South Carolina, Aiken Division pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which a Defendant resides, a substantial part of the events or omissions giving rise to the claim occurred within this district, and the Underlying Lawsuit giving rise to the claims at issue is pending in this district.

6. There is an actual controversy between the parties such that a declaration of the parties' respective rights is proper under 28 U.S.C. § 2201.

## FACTUAL BACKGROUND

### Insurance Policy

7. Allstate issued insurance policy number 648839437 ("the Policy") to the Named Insured "Whitaker Pest Solutions" for the policy period of January 10, 2019 to January 10, 2020. See Exhibit A. That policy included Covered Autos Liability Coverage with a coverage limit of $1,000,000, and Underinsured Motorist Coverage with a coverage limit of $75,000 for each accident.

8. The Policy contained a Business Auto Coverage Form which stated the following:

### BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

A.   **Description of Covered Auto Designation Symbols**

| Symbol | | Description of Covered Auto Designation Symbol |
|---|---|---|
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

A.   **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or

3

expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1.     Who Is An Insured**

The following are "insureds":

**a.**     You for any covered "auto".

**b.**     Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(1)**     The owner or anyone else from whom you hire or borrow a covered "auto". . . .

**(2)**     Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(5)**     A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.**     Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

. . .

### SECTION V – DEFINITIONS

**G.**     "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

9. ITEM TWO of the Policy's Business Auto Declarations is a "Schedule of Coverages and Covered Autos," which states the following, in pertinent part:

| COVERAGES | COVERED AUTOS | LIMIT |
|---|---|---|
| COVERED AUTOS LIABILITY | 7 | $1,000,000 |
| UNDERINSURED MOTORSTS (When not included in Uninsured Motorists Coverage) | 7 | $75,000 |

10. ITEM THREE of the Policy is a Schedule of Covered Autos You Own, which states "2016 Chevrolet Silverado 2500HD, 1GC1KUE85GF230838." No other vehicles are listed in the Policy's Schedule of Covered Autos You Own.

11. The Policy contained Commercial Auto Endorsement CA 21 88 12 13, titled "South Carolina Underinsured Motorists Coverage," which states the following, in pertinent part:

    **A.    Coverage**

    1.    We will pay in accordance with the South Carolina Underinsured Motorists Law all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by an "insured" or "property damage" caused by an "accident". The owner's or driver's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

    **B.    Who Is An Insured**

    If the Named Insured is designated in the Declarations as:

    2.    A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

        a.    Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto".

> The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **C.**    **Exclusions**

This coverage does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

## Underlying Claim and Lawsuit

12. Dupriest filed a lawsuit ("the Underlying Lawsuit") in the Aiken County Court of Common Pleas on September 21, 2020, captioned *Dana Dupriest v. Whitaker Pest Solutions, LLC, and Kenneth Whitaker* (2020-CP-02-1824). See Exhibit B. In that Complaint ("the Underlying Complaint"), Dupriest alleged she was in a motor vehicle accident ("the subject motor vehicle accident") on December 20, 2019, involving a vehicle operated by Kenneth Whitaker. According to the Underlying Lawsuit, Whitaker was driving his 2001 Ford F-150 to Briar Creek Hunting Club in Burke County, Georgia, and Dupriest accompanied him in the vehicle. The Underlying Lawsuit contends Whitaker was traveling to the hunt club "in furtherance of his pest control business and was therefore acting in the course and scope of his employment with an ownership of same." The Underlying Complaint alleges Whitaker was driving too fast for conditions and lost control of the truck, causing it to roll over and for Dupriest to be ejected through the truck's windshield. The Underlying Complaint contains one cause of action for negligence against Whitaker, and further contends WPS is vicariously liable for Whitaker's allegedly negligent acts.

13. Allstate has provided a defense pursuant to a reservation of rights to Whitaker in the Underlying Lawsuit.

14. Previously, on March 26, 2020, Plaintiff's attorney sent a letter addressed to Allstate Insurance Company, in which Plaintiff's counsel demanded that Allstate tender both its Covered Auto Liability Coverage limits and its Underinsured Motorist Coverage limits. See Exhibit C. Plaintiff's attorney's letter also states "the policy covers the two potential defendants, Whitaker Pest Solutions, LLC and Kenneth Whitaker."

## FOR A FIRST DECLARATION

15. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

16. At the time of the subject motor vehicle accident, Whitaker was operating a 2001 Ford F-150, and that vehicle is not listed in the Policy's Schedule of Covered Autos You Own.

17. The Policy states that "covered autos" are "[o]nly those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)."

18. Allstate seeks a declaration from the Court that because the 2001 Ford F-150 involved in the subject motor vehicle accident was not listed in the Policy's Schedule of Covered Autos You Own, the 2001 Ford F-150 is not a "covered 'auto'" pursuant to the Policy.

## FOR A SECOND DECLARATION

19. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

20. The Policy states Allstate "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'."

21. Allstate seeks a declaration that because Dupriest's alleged bodily injuries do not "result from the ownership, maintenance or use of a covered 'auto'," the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

### FOR A THIRD DECLARATION

22. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

23. Throughout the Policy, "you" refers to the Named Insured, which is WPS, and the Policy states: "The following are 'insureds': . . . You for any covered 'auto'."

24. The Policy states Allstate "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'."

25. Allstate seeks a declaration that because the 2001 Ford F-150 involved in the subject accident is not a "covered 'auto,'" WPS is not an "insured" with respect to the claim at issue, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit, and Allstate does not have duties to defend or indemnify WPS in the Underlying Lawsuit.

### FOR A FOURTH DECLARATION

26. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

27. The Policy states, in pertinent part, that "The following are "insureds": . . . Anyone else while using with your permission a covered "auto" you own, hire or borrow," and further states exceptions to that provision.

28. The Policy states Allstate "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'."

29. Allstate seeks a declaration that because the 2001 Ford F-150 involved in the subject accident is not a "covered 'auto,'" Whitaker is not an "insured" with respect to the claim at issue, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit, and Allstate does not have duties to defend or indemnify Whitaker in the Underlying Lawsuit.

## FOR A FIFTH DECLARATION

30. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

31. The Policy states, in pertinent part, that "The following are 'insureds': . . . Anyone else while using with your permission a covered 'auto' you own, hire or borrow except: . . . The owner or anyone else from whom you hire or borrow a covered 'auto'."

32. The Policy further states, in pertinent part, that "The following are 'insureds': . . . Anyone else while using with your permission a covered 'auto' you own, hire or borrow except: . . . Your 'employee' if the covered 'auto' is owned by that 'employee' or a member of his or her household."

33. Additionally, the Policy states, in pertinent part, that "The following are 'insureds': . . . Anyone else while using with your permission a covered 'auto' you own, hire or borrow except: . . . A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered 'auto' owned by him or her or a member of his or her household."

9

34. The 2001 Ford F-150 involved in the subject motor vehicle accident was owned by Kenneth Whitaker.

35. Upon information and belief, Whitaker is an owner, member, and employee of WPS.

36. Allstate seeks a declaration that because Whitaker owns the 2001 Ford F-150 involved in the subject motor vehicle accident, he does not qualify as an "insured" with respect to the claim at issue, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit, and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

## FOR A SIXTH DECLARATION

37. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

38. The Policy's Worker's Compensation Exclusion states the following in pertinent part: "[t]his insurance does not apply to any of the following: Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law."

39. Upon information and belief, Dupriest was an employee of WPS.

40. Allstate seeks a declaration from the Court that the Worker's Compensation Exclusion bars coverage for all of Dupriest's claims or damages in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

## FOR A SEVENTH DECLARATION

41. The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

42. The Policy's Employee Indemnification and Employer's Liability Exclusion states the following, in pertinent part:

> This insurance does not apply to any of the following:
>
> **4. Employee Indemnification And Employer's Liability**
>
> "Bodily injury" to:
>
> **a.** An "employee" of the "insured" arising out of and in the course of:
>
> **(1)** Employment by the "insured"; or
>
> **(2)** Performing the duties related to the conduct of the "insured's" business;
> . . .
>
> This exclusion applies:
>
> **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and
>
> **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

43. Upon information and belief, Dupriest was an employee of WPS.

44. Upon information and belief, Dupriest's alleged damages constitute bodily injuries to an employee of WPS arising out of and in the course of employment by WPS, or performing the duties related to the conduct of WPS' business.

11

45. Allstate seeks a declaration that the Employee Indemnification and Employer's Liability Exclusion bars coverage for all of Dupriest's claims and damages alleged in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

**FOR AN EIGHTH DECLARATION**

46. The allegations in the preceding paragraphs are realleged as though repeated herein.

47. The Policy's Fellow Employee Exclusion states "This insurance does not apply to any of the following: . . . 'Bodily injury' to: . . . Any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business; . . . ."

48. Upon information and belief, Dupriest was an employee of WPS.

49. Upon information and belief, Dupriest's alleged bodily injuries arose out of and in the course of her employment or while performing duties related to the conduct of WPS' business.

50. Allstate seeks a declaration that the Employee Indemnification and Fellow Employee Exclusion bars coverage for all of Dupriest's claims and damages alleged in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

**FOR A NINTH DECLARATION**

51. The allegations in the preceding paragraphs are realleged as though repeated herein.

52. The Policy contains Commercial Auto Endorsement CA 21 88 12 13, titled "South Carolina Underinsured Motorists Coverage," which states "We will pay in accordance with the South Carolina Underinsured Motorists Law all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'underinsured motor vehicle'. The damages must result from 'bodily injury' sustained by an 'insured' or 'property damage' caused by an 'accident'. The owner's or driver's liability for these damages must arise out of the ownership, maintenance or use of the 'underinsured motor vehicle'."

53. Commercial Auto Endorsement CA 21 88 12 13 states "If the Named Insured is designated in the Declarations as: . . . A partnership, limited liability company, corporation or any other form of organization, then the following are 'insureds': a. Anyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'. The covered 'auto' must be out of service because of its breakdown, repair, servicing, 'loss' or destruction."

54. Allstate seeks a declaration that because the 2001 Ford F-150 involved in the subject motor vehicle accident is not a "covered 'auto'" or a temporary substitute for a "covered 'auto,'" Dupriest is not an insured for purposes of the Policy's Underinsured Motorist Coverage, and the Policy does not afford any underinsured motorist coverage for any of Dupriest's claims arising out of the subject motor vehicle accident, including her claims in the Underlying Lawsuit.

## FOR A TENTH DECLARATION

55. The allegations in the preceding paragraphs are realleged as though repeated herein.

56. Commercial Auto Endorsement CA 21 88 12 13 states "This coverage does not apply to any of the following: . . . The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law."

13

57. Allstate seeks a declaration that the above-stated exclusion bars underinsured motorist coverage for any of Dupriest's claims arising out of the subject motor vehicle accident, including her claims in the Underlying Lawsuit.

WHEREFORE, Allstate prays:

(a) that the Court issue a declaration that because the 2001 Ford F-150 is not a "covered 'auto'" pursuant to the Policy, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit;

(b) that the Court issue a declaration that because Whitaker and WPS are not "insureds" with respect to the claim at issue, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit, and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit;

(c) that the Court issue a declaration that the Worker's Compensation Exclusion bars coverage for all of Dupriest's claims or damages in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

(d) that the Court issue a declaration that the Employee Indemnification and Employer's Liability Exclusion bars coverage for all of Dupriest's claims and damages alleged in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit.

(e) that the Court issue a declaration that the Employee Indemnification and Fellow Employee Exclusion bars coverage for all of Dupriest's claims and damages alleged in the Underlying Lawsuit and Allstate does not have duties to defend or indemnify Whitaker or WPS in the Underlying Lawsuit;

14

(f)     that the court issue a declaration that the Policy does not afford underinsured motorist coverage for any of Dupriest's claims arising out of the subject motor vehicle accident, including her claims in the Underlying Lawsuit; and

(f)     that the Court awards such other relief as this Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, P.A.

By: /s/ Robert E. Kneece III
John S. Wilkerson, III, Fed. ID No.:  4657
Robert E. Kneece III, Fed. ID No.:  12351
40 Calhoun Street, Suite 200 (29401)
P.O. Box 22129
Charleston, South Carolina  29413
Telephone:  (843) 576-2829
Facsimile:  (843) 843-577-1639
Email: JWilkerson@TurnerPadget.com
            RKneece@TurnerPadget.com

ATTORNEYS FOR ALLSTATE INSURANCE COMPANY

Charleston, SC
December 10, 2020